UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20432-CIV-SINGHAL/STRAUSS

ANTOINETTE M. PALMER,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

### ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **April 6, 2026, at 9:00 a.m.** Calendar call will be held via ZOOM at **2:00 p.m. on Wednesday, April 1, 2026**. A ZOOM link will be sent in a subsequent order. No pre-trial conference will be held unless a party requests one at a later date and the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 110 at the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301**.

**TRIAL READINESS:** To be "ready for trial" means that the parties have timely complied with all deadlines in this Order and any subsequent deadlines issued by the Court. Counsel MAY NOT announce ready at calendar call unless (1) exhibit and witness lists have been filed; (2) exhibits have been reviewed with opposing counsel and evidentiary objections have been raised with the Court; and (3) deposition designations and objections have been filed.

The parties shall adhere to the following schedule:

| | |
|---|---|
| **04/21/2025** | Parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  The parties are reminded that pursuant to S.D. Fla. L.R. 26.1(b), initial disclosures shall not be filed with the Court unless an exception noted in the Local Rules applies. |
| **04/30/2025** | The parties shall select a mediator pursuant to Local Rule 16.2, shall **schedule a time, date, and place for mediation**, and shall jointly **file a notice, and proposed order scheduling mediation** via CM/ECF in the form specified on the Court's website, http://www.flsd.uscourts.gov.  If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis.  Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2.  Within **three (3) days** of mediation, the parties are required to file a mediation report with the Court.  Pursuant to the procedures outlined in the CM/ECF Administrative Procedures, **the proposed order is also to be e-mailed to** singhal@flsd.uscourts.gov **in Word format.** |
| **05/15/2025** | All motions to amend pleadings or join parties are filed. |
| **10/03/2025** | Parties disclose experts and exchange expert witness summaries or reports. |
| **11/07/2025** | Parties exchange rebuttal expert witness summaries or reports. |
| **12/05/2025** | All discovery, including expert discovery, is completed. |
| **12/052025** | Parties must have completed mediation and filed a mediation report. |
| **12/22/2025** | All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed.  **This deadline includes all dispositive motions.** |
| **02/04/2026** | Motions *in limine* are filed. |
| **03/03/2026** | Parties shall file all depositions to be used at trial and advise of the deposition portions to be used at trial by designating the page and line of each deposition.  If both parties plan to use the deposition of a particular witness, the parties shall confer and file only one copy of the transcript.  Any objections or counter-designations shall be filed within **ten (10) days of the designations.** |

| | |
|---|---|
| **03/10/2026** | Counsel meet to review pre-marked exhibits and proposed demonstrative exhibits. |
| **03/20/2026** | Parties submit joint pre-trial stipulation and witness and exhibit lists in accordance with Local Rule 16.1(d) and (e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. |

**Motions *in Limine*.**  Each party is limited to filing one motion *in limine*.  If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties may seek leave to exceed the page limit.  No reply will be filed unless ordered by the Court.  **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

***Daubert* Motions.**  Each side is limited to filing one *Daubert* motion per expert, limited to 10 pages.  The response shall be limited to 10 pages and no reply will be filed unless ordered by the Court.  If all evidentiary issues cannot be addressed in a 10-page memorandum, the parties may seek leave to exceed the page limit.  **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**Summary Judgment Motions.**  The parties are reminded that strict compliance with Local Rule 56.1 is mandated. If a party fails to comply with any of the requirements of the Local Rules, the Court may strike the deficient filing and require immediate compliance, grant an opposing party relief, or enter any other sanction the Court deems appropriate.

A motion for summary judgment and a response thereto must be accompanied by a separate statement of material facts. Each statement must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court.  In the event a responding party fails to controvert a movant's supported material facts in an opposing statement of material facts, the

movant's material facts will be deemed admitted.  *See* S.D. Fla. L.R. 56.1(b).  In the interest of judicial economy, in the interest of proper and careful consideration of each party's statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court orders the parties to file statements of material facts and responses as follows:

1. The statement of material facts shall be separately filed.

2. Each material fact in the statement that requires evidentiary support shall be set forth in an individually numbered paragraph and supported by a specific citation.  This specific citation shall reference pages (and paragraph or line numbers, if applicable) of the cited exhibit(s).  When a material fact requires evidentiary support, **a general citation to an exhibit, without a page number or pincite, is not permitted**. A statement of fact that is non-compliant with this rule will be stricken or disregarded.

3. Each exhibit referenced in the motion for summary judgment and/or in the statement of material facts, or response, must be filed on the docket with a descriptive name (i.e., Exhibit 1: Affidavit of Boo Radley).  Exhibits which have already been filed on the docket *need not be refiled*.  If a deposition transcript is referenced, **a complete copy must be filed**.  Within twenty-four (24) hours of filing a motion for summary judgment, the movant shall separately file an index of the cited exhibits which names each exhibit and references the docket entry at which that exhibit may be found.

**Jury Instructions and Verdict Form (if applicable).**  The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on

each proposed instruction.  Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type.  Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be italicized.  Every instruction must be supported by citation to authority.  The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.  Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to singhal@flsd.uscourts.gov.

**Referral to Magistrate Judge.**  Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to **Judge Jared M. Strauss.**  Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Judge Jared M. Strauss.  **The deadline for submitting consent is December 31, 2025.**

**Discovery.**  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above.  Stipulations that would so interfere may be made only with the Court's approval.  *See* Fed. R. Civ. P. 29.  In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of depositions with the Court.  The parties must make every effort to resolve discovery disputes without requiring Court intervention.  The parties shall file discovery motions in the manner authorized by the referral magistrate judge's procedures, which are available on the Court's website.

Strict compliance with the Local Rules and the referred magistrate judge's procedures is expected, particularly with regard to motion practice.  *See* S.D. Fla. L.R. 7.1.

**Witness and Exhibit Lists.**  All exhibits shall be pre-marked and reviewed by opposing counsel prior to the calendar call.  Plaintiff's exhibits will be marked numerically with a letter "P" as a prefix; Defendant's exhibits must be marked with a letter "D" as a prefix. The parties must submit a list setting out all exhibits prior to the calendar call.  This list must indicate the pre-marked identification label (*e.g.,* P-1 or D-1) and include a brief description of each exhibit.  Prior to filing the Pre-Trial Stipulation, the parties shall meet and confer to resolve as many issues as possible regarding the other's exhibits.

**Demonstrative Exhibits.**  If the parties desire to use demonstrative exhibits during trial (including photos, diagrams, charts, etc.), each such item must be disclosed to the opposing party.  No demonstrative exhibit may be displayed absent prior written agreement between parties or, absent such agreement, prior approval by the Court.

**Technology Issues.**  The courtroom is equipped with computer cables, screens, and an Elmo.  Parties desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use **at least one week prior to calendar call** and should describe with specificity the equipment; (2) the make of the equipment; and (3) the identity of the person who will bring the proposed equipment. Counsel shall contact the courtroom deputy **at least one week prior to calendar call** to discuss any special equipment that may require special arrangements.

**Civility and Professionalism.**  Members of the bar and the Court are proud of the long tradition of courteous practice in the Southern District of Florida.  Indeed, it is a

fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility.  For example, and without limiting the foregoing, it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice.

To that end, the Court advises the parties that <u>strict compliance</u> with the requirements of Local Rule 7.1(a)(3) is expected.  In addition, if a motion for extension of time is opposed, this Court requires that the certificate of conferral state briefly the reason(s) for opposing counsel's objection to the requested extension.

The parties are further advised that the failure to comply with any of the procedures contained in this Order or the Local Rules may result in the imposition of appropriate sanctions, including, but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of March 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF